IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:18-CR-00041-KDB-DCK-1

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| WAYNE LAMONT JOHNSON, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant Wayne Lamont Johnson's *pro se* motion for compassionate release based on the COVID-19 pandemic under 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018. (Doc. No. 28). Having carefully reviewed the Defendant's motion, exhibits, and all other relevant portions of the record, the Court will deny the motion without prejudice to a renewed motion after exhaustion of his administrative remedies.

## I. BACKGROUND

In 2018, Defendant pled guilty to one count of possession of a firearm by a felon. (Doc. No. 14). He was sentenced to 63 months imprisonment plus 3 years of supervised release. (Doc. No. 23).

Defendant is a 40-year-old male confined at FCI Petersburg Low - Camp, a minimum-security satellite camp in Virginia, with a projected release date of December 12, 2022. Defendant seeks a reduction in his sentence under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). He makes no claims of medical issues only that he is at high risk of death from the COVID-19 virus. (Doc. No. 26, at 1). According to his Presentence Report, he suffers from sleep apnea and uses a CPAP machine, has had multiple gunshot wounds and takes no medication. (Doc. No. 28, ¶ 93).

Defendant has provided BOP medical information which indicates he has sleep apnea and uses a CPAP machine, has hyperlipidemia and Type 2 diabetes and takes prescribed medications for said conditions. (Doc. No. 29).

## II. COMPASSIONATE RELEASE

A prisoner may bring a motion for compassionate release before the court only if he "has fully exhausted all administrative rights to appeal a failure" of the BOP to bring a motion on his behalf or if 30 days have passed since the warden received his request, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Courts are split over whether the exhaustion requirement is jurisdictional or is a "case processing" rule that can be waived. *Compare United States v. Brown*, No. CR 12-20066-37-KHV, 2020 WL 1935053, at *1 (D. Kan. Apr. 22, 2020) ("The requirement to exhaust administrative remedies or wait 30 days after the warden receives a request is jurisdictional.") *with United States v. Alam*, -- F.3d --, No. 20-1298, 2020 WL 2845694, at *2 (6th Cir. June 2, 2020) (holding that the administrative exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) is non-jurisdictional). The majority view is that the exhaustion requirement is a case processing rule. *See, e.g.*, *United States v. Smith*, No. 12 Cr. 133 (JFK), 2020 WL 1849748, at *2-3 (S.D.N.Y. Apr. 13, 2020) (collecting cases).

If the rule is not jurisdictional, then it can be waived, forfeited, or abandoned, and is otherwise subject to exceptions. *See United States v. Zukerman*, 16 Cr. 194 (AT), 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020); *United States v. Russo*, No. 16-cr-441 (LJL), 2020 WL 1862294, at *5 (S.D.N.Y. Apr. 14, 2020). These exceptions include "where it would be futile, either because the agency decisionmakers are biased or because the agency has already determined the issue, . . . where the administrative process would be incapable of granting adequate relief, . . . [or] where pursuing agency review would subject plaintiffs to undue prejudice." *Zukerman*, 2020 WL

1659880, at *3 (citing *Washington v. Barr*, 925 F.3d 109, 118-19 (2d Cir. 2019). It is Defendant's burden to show that he has exhausted his remedies or that exhaustion would be futile or result in undue prejudice. *See, e.g.*, *United States v. Bolino*, No. 06-cr-0806(BMC), 2020 WL 32461, at *1 (E.D.N.Y. Jan. 2, 2020) (requiring defendant to prove that the exhaustion requirement has been met).

Here, Defendant has not exhausted his remedies as required under 18 U.S.C. § 3852(c)(1)(A). Defendant's petition to the warden for compassionate release was received by the warden on July 29, 2020 and denied by the warden on July 30, 2020. (Doc. No. 28, Exhibit 1, at 1). Defendant has not exhausted all administrative appeals of the warden's adverse decision that are available to him within the BOP.

According to the BOP's website, FCI Petersburg Low currently has 11 inmates and 7 staff with confirmed active cases of COVID-19. There are approximately 455 inmates at FCI Petersburg Low and approximately 175 inmates at the adjoining prison camp. There have been no inmate nor staff deaths and 134 inmates have recovered and 24 staff have recovered. Given this information, the Court finds that Defendant has not met his burden of showing that the exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) should be excused. With so few confirmed current COVID-19 case amongst the inmate population, requiring Defendant to exhaust his administrative remedies within the BOP before petitioning this Court would not result in any "catastrophic health consequences" or unduly prejudice Defendant. *See United States v. Fraction*, No. 3:14-CR-305, 2020 WL 3432670, at *7 (M.D. Pa. June 23, 2020) (finding the defendant did "not demonstrate any 'catastrophic health consequences' to make exhaustion futile or show that he could be unduly prejudiced if he had to wait to exhaust his administrative remedies with the BOP"). Generalized concerns regarding the possible spread of COVID-19 to the inmate population at FCI Petersburg

Low are not enough for this Court to excuse the exhaustion requirement, especially considering the BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread at FCI Petersburg Low. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

The Court does not intend to diminish Defendant's concerns about the pandemic. However, given the scale of the COVID-19 pandemic and the complexity of the situation in federal institutions, it is even more important that Defendant first attempt to use the BOP's administrative remedies. *See United States v. Annis,* 2020 WL 1812421, at *2 (D. Minn. Apr. 9, 2020). Not only is exhaustion of administrative remedies required under the law, but it also "makes good policy sense." *United States v. Fevold,* 2020 WL 1703846, at *1 (E.D. Wis. Apr. 8, 2020). "The warden and those in charge of inmate health and safety are in a far better position than the sentencing court to know the risks inmates in their custody are facing and the facility's ability to mitigate those risks and provide for the care and safety of the inmates." Id. As the Third Circuit has recognized, "[g]iven BOP's shared desire for a safe and healthy prison environment . . . strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance." *Raia,* 954 F.3d at 597.

For these reasons, the Court will deny Defendant's motion without prejudice to a renewed motion once he has appropriately exhausted his administrative remedies.

### III. ORDER

**IT IS THEREFORE ORDERED** that Defendant's *pro se* motion for compassionate release (Doc. No. 28), is **DENIED** without prejudice to a renewed motion after exhaustion of his administrative remedies.

**SO ORDERED.**

Signed: January 8, 2021

Kenneth D. Bell
United States District Judge